**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **SILENT COMMUNICATION, LLC,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 6:22-cv-00527** |
| **v.** | ) | |
| | ) | |
| **ADOBE, INC.,** | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Silent Communication, LLC., ("Silent") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 8,229,409 ("the '409 patent") (referred to as the "Patent-in-Suit") by Adobe, Inc., ("Adobe").

## I.     THE PARTIES

1.   Plaintiff Silent is a Texas Limited Liability Company with its principal place of business located in Travis County, Texas.

2.   On information and belief, Adobe is a corporation existing under the laws of the State of Delaware, with a principle place of business located at 11501 Domain Dr., Suite 11, Austin TX 78758. On information and belief, Adobe sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district. Defendant may be served through their registered agent at, Corporation Service Company, d/b/a CSC, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218 or anywhere thay may be found.

## II.     JURISDICTION AND VENUE

3.   This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

4.   This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

5.   Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b).  Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

III.   INFRINGEMENT

A.  Infringement of the '409 Patent

6.   On July 24, 2012, U.S. Patent No. 8,229,409 ("the '409 patent", attached as Exhibit A) entitled "System And Method For Telephone Communication" was duly and legally issued by the U.S. Patent and Trademark Office.  Silent owns the '409 patent by assignment.

7.   The '409 patent relates to activating alternate communication methods when when a call is erroneously disconnected.

8.   Adobe maintains, operates, and administers methods and systems for activating alternate communication methods when when a call is erroneously disconnected that infringe, directly and indirectly, through contributory and/or induced infringement the claim of the '409 patent, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '409 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service.  Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

9.   Support for the allegations of infringement may be found in the following preliminary table:

| US8229409 B2 Claim 1 | Adobe Connect |
| --- | --- |
| 1. A method comprising: |  |

Copyright © 2022 Adobe. All rights reserved.   /
<https://www.adobe.com/ca/products/adobeconnect.html>

Adobe Connect has a method.

The reference includes subject matter disclosed by the claims of the patent after the priority date.

| US8229409 B2 Claim 1 | Adobe Connect |
|---|---|
| identifying an erroneous disconnection of a voice session by a first device of a called party; | **Meeting users disconnect, reconnect automatically | Connect 8** 🔍 |

Issue

During screen sharing in Adobe Connect 8, you are disconnected and reconnected automatically. On reconnection, participants are added again without removing the earlier instance, causing duplicate listing in the Attendee list.

The following error appears in the Adobe Connect Addin logs (Client side logs configured on the client computer):

```
1.  TRACE: [StreamHandler|pages/createpage.action?
2.
3.      spaceKey=connectt3&title=StreamHandler&linkCreatic
4.
5.      spaceKey=connectt3&title=NetStream&linkCreation=tr
6.
7.      spaceKey=connectt3&title=NetStream&linkCreation=tr
8.
9.      spaceKey=connectt3&title=InsufficientBW&linkCreati
```

<https://helpx.adobe.com/ca/adobe-connect/kb/meeting-users-disconnect-reconnect-automatically.html>

The reference describes identifying an erroneous disconnection of a voice session by a first device of a called party.

| US8229409 B2 Claim 1 | Adobe Connect | |
|---|---|---|
| activating a voice activated application at a second device of a calling party, which voice activated application senses voice at said second device after the disconnection; | `fid-meeting-show-talker-area` | Enables the "Who's Speaking" area. |
| | `fid-meeting-video` | Enables the Camera pod. |
| | `fid-meeting-voip` | Enables voice controls within the meeting user interface, such as the ability to broadcast audio using VoIP. |
| | `fid-meeting-web-links` | Enables the Web Links pod. |
| | `fid-meeting-white-board` | Enables use of the white board in the Share pod. |
| | `fid-start-meeting-button` | Lets a user start the meeting again after the host ends the meeting. |

<https://help.adobe.com/en_US/connect/8.0/webservices/WS8d7bb3e8da6fb92f73b3823d121e63182fe-8000_SP1.html>

The reference describes activating a voice activated application at a second device of a calling party, which voice activated application senses voice at said second device after the disconnection.

| US8229409 B2 Claim 1 | Adobe Connect |
|---|---|
| activating a function at said second device offering said calling party an option to re-establish connection with said first device if a voice was detected by said application at said second device within a defined period of time after the disconnection;<br><br>re-establishing a session with said first device according to selection of said calling party; and | **Verifying operations in a cluster**<br><br>If one computer in a cluster shuts down, the load balancer routes all HTTP requests to a running computer in the cluster.<br><br>When a meeting starts, the application server assigns a primary and backup host to the meeting room based on load. When the primary host shuts down, clients reconnect to the backup host.<br><br>It's also a good idea to verify that content uploaded to one server in a cluster is replicated to the other computers in the cluster.<br><br>The following procedures assume that the cluster contains two computers, Computer1 and Computer2.<br><br><https://help.adobe.com/en_US/connect/8.0/installconfigure/connect_8_install.pdf><br><br>The reference describes activating a function at said second device offering said calling party an option to re-establish connection with said first device if a voice was detected by said application at said second device within a defined period of time after the disconnection.<br><br>The reference describes re-establishing a session with said first device according to selection of said calling party. |

| US8229409 B2 Claim 1 | Adobe Connect | |
|---|---|---|
| ending said re-established session by said calling party or by said called party. | `fid-meeting-show-talker-area` | Enables the "Who's Speaking" area. |
| | `fid-meeting-video` | Enables the Camera pod. |
| | `fid-meeting-voip` | Enables voice controls within the meeting user interface, such as the ability to broadcast audio using VoIP. |
| | `fid-meeting-web-links` | Enables the Web Links pod. |
| | `fid-meeting-white-board` | Enables use of the white board in the Share pod. |
| | `fid-start-meeting-button` | Lets a user start the meeting again after the host ends the meeting. |

<https://help.adobe.com/en_US/connect/8.0/webservices/WS8d7bb3e8da6fb92f73b3823d121e63182fe-8000_SP1.html>

The reference describes ending said re-established session by said calling party or by said called party.

These allegations of infringement are preliminary and are therefore subject to change.

10. Adobe has and continues to induce infringement. Adobe has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to activate alternate communication methods when when a call is erroneously disconnected such as to cause infringement of the claim of the '409 patent, literally or under the doctrine of equivalents. Adobe, from at least the filing date of the lawsuit, has continued to encourage and instruct others on how to use the products showing specific intent. Moreover, Defendant has known of the '409 patent and the technology underlying it from at least the filing date of the lawsuit.[1] For clarity, direct infringement is previously alleged in this complaint..

11. Adobe has and continues to contributorily infringe. Adobe has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to activate alternate communication methods when when a call is erroneously disconnected such as to cause infringement of the claim of the '409 patent, literally or under the doctrine of equivalents. Adobe, from at least the filing date of the lawsuit, has continued to encourage and instruct others on how to use the products showing specific intent. Further, there are no substantial noninfringing uses for Defendant's products and services. Moreover, Defendant has known of the '409 patent and the technology underlying it from at least the filing date of the lawsuit.[2] For clarity, direct infringement is previously alleged in this complaint.

12. Adobe has caused and will continue to cause Silent damage by direct and indirect infringement of (including inducing infringement of) the claims of the '409 patent.

## IV.    JURY DEMAND

---

[1] Plaintiff reserves the right to amend and add inducement pre-suit if discovery reveals an earlier date of knowledge.
[2] Plaintiff reserves the right to amend and add inducement pre-suit if discovery reveals an earlier date of knowledge.

Silent hereby requests a trial by jury on issues so triable by right.

## V.    PRAYER FOR RELIEF

WHEREFORE, Silent prays for relief as follows:

a.   enter judgment that Defendant has infringed the claims of the '409 patent through selling, offering for sale, manufacturing, and inducing others to infringe by activating alternate communication methods when when a call is erroneously disconnected;

b.   award Silent damages in an amount sufficient to compensate it for Defendant's infringement of the Patents-in-Suit in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c.   award Silent an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d.   declare this case to be "exceptional" under 35 U.S.C. § 285 and award Silent its attorneys' fees, expenses, and costs incurred in this action;

e.   declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f.   a decree addressing future infringement that either (i) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an

adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the

future infringement will be willful as a matter of law; and

g.      award Silent such other and further relief as this Court deems just and proper.


Respectfully submitted,

**Ramey LLP**

_____

William P. Ramey, III
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com


Jeffrey Kubiak (Pro Hac Pending)
Texas State Bar No. 24028470
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
jkubiak@rameyfirm.com


*Attorneys for Silent Communication, LLC*