IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SILENT COMMUNICATION, LLC,<br>    *Plaintiff*<br><br>-vs-<br><br>ADOBE INC.,<br>    *Defendant* | § §§§§§§§§§§ | W-22-CV-00527-ADA |

## ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER

Before the Court is Defendant Adobe Inc.'s ("Adobe") Motion to Transfer Venue to the Northern District of California. ECF No. 14. Plaintiff Silent Communication, LLC ("Silent") opposes the motion. ECF No. 18. Adobe filed a reply to further support its motion. ECF No. 22. After careful consideration of the parties' briefs and the applicable law, the Court **GRANTS** Adobe's motion to transfer venue to the Northern District of California.

### I. FACTUAL BACKGROUND

In its complaint, Silent claims Adobe infringes U.S. Patent No. 8,229,409 ("the '409 patent" or "the asserted patent"), which is directed to a system and method for telephone communication. ECF No. 1 ¶¶ 6, 8. Silent is a limited liability company organized under the laws of Texas with its principal place of business in Travis County, Texas. *Id.* ¶ 1. Adobe is a corporation organized under the laws of the state of Delaware. *Id.* ¶ 2. Silent alleges that Adobe's principal place of business is in Austin, Texas. *Id.* However, according to Adobe, its principal place of business is located in San Jose, California. ECF No. 14 at 7. According to Silent, Adobe sells Adobe Connect, which infringes the asserted patent. ECF No. 1 at 4−8. The Court will refer to this product as the "accused product."

1

After responding to Silent's complaint, Adobe filed this motion to transfer. ECF No. 14. Adobe does not argue that the Western District of Texas ("WDTX") is an improper venue for this case; instead, it argues that the Northern District of California ("NDCA") is a more convenient forum, pointing to the location of potential witnesses and the relevant records in California. *Id*. at 1. Silent contends that this case should remain in the WDTX. ECF No. 18.

## II.      LEGAL STANDARD

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit—here, the Fifth Circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). 28 U.S.C. § 1404(a) provides in part that "[f]or the convenience of parties and witnesses, . . . a district court may transfer any civil action to any other district or division where it might have been brought . . . " *Id*. "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The preliminary question under § 1404(a) is whether a civil action "'might have been brought' in the destination venue." *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) [hereinafter *Volkswagen II*]. If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (footnote omitted). The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) [hereinafter *Volkswagen I*] (citing *Piper Aircraft Co. v. Reyno*, 454

U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* Courts evaluate these factors based on the situation which existed at the time of filing, rather than relying on hindsight knowledge of the defendant's forum preference. *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

The moving party has the burden to prove that a case should be transferred for convenience. *Volkswagen II*, 545 F.3d at 314. The burden is not simply that the alternative venue is more convenient, but that it is clearly more convenient. *Id.* at 314–15. While "clearly more convenient" is not the same as the "clear and convincing" standard, the moving party must still show more than a mere preponderance. *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). Yet, the Federal Circuit has clarified that, for a court to hold that a factor favors transfer, the movant need not show an individual factor *clearly* favors transfer. *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020).

### III.   DISCUSSION

The threshold determination in the § 1404(a) analysis is whether this case could initially have been brought in the destination venue—the NDCA. Adobe argues that the threshold determination is met, and Silent does not dispute this issue. ECF No. 14 at 6; ECF No. 18. Because Adobe has a regular and established place of business in the NDCA and acts of infringement were committed in that district, the Court concludes that this action could have been brought in the NDCA. The Court now analyzes the private and public interest factors to determine whether the NDCA is a clearly more convenient forum than the WDTX.

### A. The Private Interest Factors

#### i. *The Cost of Attendance and Convenience for Willing Witnesses*

The most important factor in the transfer analysis is the convenience of the witnesses. *In re Genentech, Inc.*, 566 F.3d 1388, 1342 (Fed. Cir. 2009). According to Fifth Circuit law, if the distance between a current venue and a proposed venue is more than 100 miles, the inconvenience to witnesses increases in direct relationship to the additional distance they must travel if the matter is transferred. *Volkswagen II*, 545 F.3d at 317. But it is unclear when the 100-mile rule applies, as the Federal Circuit has stated that courts should not apply the rule "rigidly" in cases where witnesses would be required to travel a significant distance no matter what venue they testify in. *In re Apple*, 979 F.3d at 1342 (discussing witnesses traveling from New York) (citing *Volkswagen II*, 545 F.3d at 317). "[T]he inquiry should focus on the cost and inconvenience imposed on the witnesses by requiring them to travel to a distant forum and to be away from their homes and work for an extended period of time." *In re Google, LLC*, No. 2021-170, 2021 WL 4427899, at *4 (Fed. Cir. Sept. 27, 2021). According to the Federal Circuit, time is a more important metric than distance. *Id.* However, the Federal Circuit has also held that when willing witnesses will have to travel a significant distance to either forum, the slight inconvenience of one forum in comparison to the other should not weigh heavily on the outcome of this factor. *In re Apple*, 979 F.3d at 1342. When analyzing this factor, the Court should consider all potential witnesses. *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693, 2017 WL 4155236, at *5 (E.D. Tex. Sept. 19, 2017).

According to Adobe, most of the relevant witnesses from Adobe are in the NDCA. ECF No. 14 at 9. Adobe argues that employees with knowledge of the design, development, operation, engineering, product management, marketing, and financial aspects of the accused product are in the NDCA ▓▓▓▓▓▓▓▓▓▓▓ *Id.* Adobe identifies the following Adobe employees with relevant knowledge: (1) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Case 6:22-cv-00527-ADA   Document 48   Filed 06/22/23   Page 5 of 14

███ (2) ███

███ ; (3) ███

███ ; and (4) ███

███ *Id.* at 3. ███

███ *Id.* at 3. ███

███ *Id.* at 4. Adobe claims that no relevant Adobe employee is located in Texas. *Id.* Adobe argues that the NDCA would be a more convenient forum for it witnesses in the NDCA ███ *Id.* at 9.

In response, Silent argues that Adobe "has no problem doing business in Texas." ECF No. 18 at 2. ███

███ *Id.*

For Adobe's employees in the NDCA ███, the Court agrees with Adobe that the NDCA would be a more convenient forum for these individuals. For those employees in the NDCA, it would be much more convenient to attend trial within the NDCA. Even if these employees do not have an aversion to travel, the "cost and inconvenience imposed on the witnesses by requiring them to travel to a distant forum and to be away from their homes and work for an extended period of time" would be significantly less if trial were held in the NDCA. *In re Google, LLC*, 2021 WL 4427899, at *4. For Adobe's employees ███, the NDCA is significantly closer than the WDTX. Adobe's ███ employees will face greater costs and inconvenience if trial were held in this District.

5

Adobe also argues that the NDCA is a more convenient forum for Adobe employees located internationally. ECF No. 14 at 10. Specifically, Adobe argues that ▓▓▓▓▓▓▓ employees, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, would find the NDCA a more convenient forum. *Id.* at 3, 10. The Court disagrees. Adobe's international employees will have to travel a significant distance to either venue and would incur travel, lodging, and related costs in both locations. Even if one venue may be slightly more convenient than the other for Adobe's international employees, this difference should not weigh heavily in the analysis of this factor. *In re Apple*, 979 F.3d at 1342. The Court finds that the presence of any relevant Adobe employees outside the United States does not affect the outcome of this factor.

Adobe also argues that this factor favors transfer because former Adobe employees with relevant knowledge are located in the NDCA. ECF No. 14 at 10. Adobe further argues that this factor favors transfer because relevant prior art witnesses are located in California. *Id.* at 11. Because Adobe has not shown that these former Adobe employees and prior art witnesses are willing, the Court considers those individuals under the compulsory process factor below. *See In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n.1 (Fed. Cir. Sept. 25, 2018) ("[W]hen there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor.").

Adobe has identified Adobe employees with relevant knowledge of the accused product in or near the NDCA. Silent has not identified any witnesses in or near the WDTX. Based on the evidence provided, the Court concludes that the NDCA is likely a more convenient forum for the willing witnesses that are likely to testify at trial.

    *ii.*   ***The Relative Ease of Access to Sources of Proof***

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Fintiv Inc. v. Apple Inc.*, No. 6:18-

cv-00372, 2019 WL 4743678, at *2 (W.D. Tex. Sept. 10, 2019). "[T]he question is *relative* ease of access, not *absolute* ease of access." *In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013) (emphases in original). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d at 1340 (citing *In re Genentech*, 566 F.3d at 1345).

Adobe argues that relevant physical documents are located in or near the NDCA. ECF No. 14 at 4.



Silent argues that Adobe has failed to "present proof of any hardship or significant inconvenience associated with producing [physical] documents via scanned copies, electronic storage, or email." ECF No. 18 at 2. Silent claims that the location of Defendant's documents is "of little consequence because in the modern age remote access to documents stored on servers is commonplace." *Id.*

The Court acknowledges that the Fifth Circuit's decision in *In re Planned Parenthood* indicates a shift in the analysis of this factor. The Fifth Circuit has recently agreed with a district court that concluded that this factor is neutral because electronic evidence is equally accessible in either forum. *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022). The Fifth Circuit held that "[t]he location of evidence bears much more strongly on the transfer analysis

7

when . . . the evidence is physical in nature." *Id.* But the Federal Circuit has held that it is an error to conclude this factor is neutral because electronic documents are easily accessible in both forums. *In re Apple, Inc.*, No. 2022-128, 2022 WL 1196768, at *4 (Fed. Cir. Apr. 22, 2022). To the extent that these two holdings can be reconciled, the Court concludes that the location of physical evidence is more important to this analysis than the location of where electronic documents are typically accessed. However, the Court still considers the location of custodians of electronic documents in its analysis of this factor. *In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021).

The Court rejects Silent's argument this factor weighs against transfer because Adobe's physical and electronic documents are easily accessed in either district. While it might be possible to transmit physical evidence electronically and electronic evidence may be equally accessible in both forums, the Court still considers the relative ease of access in the two forums. *In re Apple, Inc.*, 2022 WL 1196768, at *4. Here, Adobe's physical evidence is already located in the NDCA.



ECF No. 14-2 ¶ 14. *Id.* ¶¶ 8, 10−11.

Because Adobe's physical and electronic evidence is located or maintained in or near the NDCA and no evidence is located or maintained in or near the WDTX, the Court concludes that this factor weighs in favor of transfer.

### iii. *The Availability of Compulsory Process to Secure the Attendance of Witnesses*

Under the Federal Rules, a court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or (b) "within the state where the person resides, is employed, or regularly transacts business in

person, if the person . . . is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(A), (B)(ii). Under this factor, the Court focuses on non-party witnesses whose attendance may need to be secured by a court order." *Fintiv Inc.*, 2019 WL 4743678, at *14 (citing *Volkswagen II*, 545 F.3d at 316). This factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple*, 581 F. App'x 886, 889 (Fed. Cir. 2014) (citing *In re Genentech*, 566 F.3d at 1345). The Federal Circuit has held that "when there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor." *In re HP Inc.*, 2018 WL 4692486, at *3 n.1. However, the Fifth Circuit has clarified that "the availability of the compulsory process 'receives less weight when it has not been alleged or shown that any witness would be unwilling to testify.'" *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th at 630−31 (quoting *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488 (6th Cir. 2016)).

Adobe argues that former Adobe employees with relevant knowledge are located within the subpoena power of the NDCA. ECF No. 14 at 12. Adobe identifies ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ *Id.* at 2. Adobe also identifies prior art witnesses located in California. *Id.* at 4. Adobe notes that one of the inventors of the asserted patent is located within the subpoena power of the NDCA. *Id.* at 5. Silent does not address this factor. ECF No. 18.

The Court finds that this factor weighs in favor of transfer. Adobe has shown that relevant former Adobe employees and potentially relevant prior art witnesses are located in the NDCA. However, the Court notes that Adobe has not alleged or shown that any of these witnesses are

9

unwilling. Thus, under the Fifth Circuit's recent guidance, the weight of this factor is diminished. *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th at 630−31.

### iv. All Other Practical Problems That Make Trial of a Case Easy, Expeditious, and Inexpensive

When considering the private interest factors, courts must also consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 314. "Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer." *PersonalWeb Techs., LLC v. NEC Corp. of Am., Inc.*, No. 6:11-cv-655, 2013 WL 9600333, at *5 (E.D. Tex. Mar. 21, 2013). "[W]here there is a co-pending litigation before the trial court involving the same patent-in-suit, and pertaining to the same underlying technology and accusing similar services, [the Federal Circuit] cannot say the trial court clearly [abuses] its discretion in denying transfer." *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 n.3 (Fed. Cir. 2010).

Adobe argues that this factor favors transfer because "party and non-party witnesses and documents are located in the Northern District of California." ECF No. 14 at 13. Adobe argues that while Silent has one related case in this District, that does not automatically tip this factor in favor of the Silent. *Id.* Adobe argues that this factor does not weigh against transfer because this case is still in its early stages and the Court has not invested significant time or resources into the action. *Id.* at 14. In response, Silent argues that judicial economy is improved by keeping the related cases in the same court. ECF No. 18 at 3.

The Court rejects Adobe's argument that this factor favors transfer because this case is in its early stages. The relevant inquiry under this factor is whether the circumstances in either forum would make trial of the matter easier, more expeditious, or less expensive. *Volkswagen II*, 545 F.3d at 314. Even if this case is in its early stages, transferring this matter to the NDCA does not

reduce the practical problems before a court in that district. The Court also rejects Adobe's argument that this factor favors transfer because the relevant witnesses and evidence are located in the NDCA. Importantly, this factor considers "all *other* practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (emphasis added).

The Court finds that this factor weighs against transfer because two other matters involving the same patent are pending in this Court. *Silent Communication, LLC v. Lifesize, Inc.*, No. 6:22-cv-00529 (W.D Tex. May 24, 2022), ECF No.1; *Silent Communication, LLC v. Zoho Corp.*, No. 6:22-cv-01053 (W.D. Tex. Oct. 6, 2022), ECF No. 1. Further, this Court previously resolved an ownership issue regarding another patent owned by Plaintiff. *Silent Communications, LLC v. BlackBerry Corp.*, No. 6:22-cv-00252 (W.D. Tex. May 19, 2023), ECF No. 53 [hereinafter "the BlackBerry Litigation"]. The Court concludes that keeping the three actions involving the asserted patent in the same court would prevent "duplicative suits involving the same or similar issues." *PersonalWeb Techs.*, 2013 WL 9600333, at *5. Further, the Court has gained familiarity with potential ownership issues through the BlackBerry Litigation. Accordingly, the Court finds this factor weighs against transfer.

## B. The Public Interest Factors

### i. *Administrative Difficulties Flowing from Court Congestion*

This factor concerns "whether there is an appreciable difference in docket congestion between the two forums." *In re Adobe Inc.*, 823 Fed. App'x 929, 932 (Fed. Cir. 2020). It considers the "[t]he speed with which a case can come to trial and be resolved." *In re Genentech, Inc.*, 566 F.3d at 1347. In this analysis, court congestion is considered "the most speculative" factor, and when "relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all those other factors." *Id.*

Adobe argues that this factor is neutral because there are no significant differences in caseload and time-to-trial statistics between the WDTX and the NDCA. ECF No. 14 at 14 (citing *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1322 (Fed. Cir. 2021)). Silent does not address this factor. ECF No. 18.

To start, the Court notes that the Federal Circuit recently concluded that this factor should not weigh against transfer when the plaintiff "is not engaged in product competition in the marketplace and is not threatened in the market in a way that, in other patent cases, might add urgency to case resolution." *In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023). Here, neither party has briefed whether Silent is engaged in product competition in the marketplace. However, Adobe's motion notes that "Silent Communication was incorporated on March 30, 2021 by its litigation counsel in this case." ECF No. 14 at 5. The briefing does not discuss any witnesses or sources of proof related to a product from Silent.

Based on the evidence presented, the Court believes that this factor is likely neutral because the briefing suggests that Silent is not engaged in product competition in the marketplace.

>   ii.   *Local Interest in Having Localized Interests Decided at Home*

Under this factor, the Court must evaluate whether there is a local interest in deciding local issues at home. *Volkswagen II*, 545 F.3d at 317. Local interests in patent cases "are not a fiction." *In re Samsung Elecs. Co.*, 2 F.4th 1371, 1380 (Fed. Cir. 2021). "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Word to Info, Inc. v. Facebook, Inc.*, No. 3:14-CV-04387-K, 2015 WL 13870507, at *4 (N.D. Tex. Jul. 23, 2015). "[T]he sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009). "This factor most notably regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connections between a particular venue and *the events that gave rise to a suit*.'" *In*

re Apple, 979 F.3d at 1344 (emphasis in original) (quoting *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)). Courts should not heavily weigh a party's general contacts with a forum that are untethered from the lawsuit, such as a general presence. *Id.* Moreover, "little or no weight should be accorded to a party's 'recent and ephemeral' presence in the transferor forum, such as by establishing an office in order to claim a presence in the district for purposes of litigation." *In re Juniper Networks, Inc.*, 14 F.4th at 1320 (quoting *In re Microsoft Corp.*, 630 F.3d 1361, 1365 (Fed. Cir. 2011)). To determine which district has the stronger local interest, the Court looks to where the events forming the basis for infringement occurred. *Id.* at 1319.

Adobe argues that this factor favors transfer because Adobe is headquartered in that district ████████████████████████████████████████████████████████████████ *Id.* at 15. Silent does not address this factor in its briefing. ECF No. 18.

Because Adobe's briefing shows that there is a factual connection between the events that gave rise to the suit and the NDCA, the Court concludes that this factor weighs in favor of transfer.

### iii. Familiarity of the Forum with the Law That will Govern the Case

Adobe argues that this factor is neutral; both forums are familiar with the law that will govern this case. ECF No. 14 at 15. Silent does not disagree. ECF No. 18. The Court agrees with Adobe that this factor is neutral.

### iv. Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law

Adobe argues that this factor is neutral—there are no potential conflicts here. ECF No. 14 at 15. Silent does not disagree. ECF No. 18. The Court agrees with Adobe that this factor is neutral.

## IV. CONCLUSION

Having considered the private and public interest factors, the Court finds that four of the factors favor transfer to the NDCA, one disfavors transfer, and three factors are neutral. A decision

to uproot litigation and transfer is not the consequence of a simple math problem. Instead, a moving party must show that the transferee forum is a clearly more convenient forum. Here, sources of proof, willing witness, compulsory process, and local interest factors favor transfer. The Court finds that Adobe has met its burden of showing that the NDCA is a clearly more convenient forum. The Court's conclusions for each factor are summarized in the following table:

| Factor | The Court's Finding |
| --- | --- |
| Relative ease of access to sources of proof | Favors transfer |
| Cost of attendance for willing witnesses | Favors transfer |
| Availability of compulsory process to secure the attendance of witnesses | Favors transfer |
| All other practical problems that make trial of a case easy, expeditious and inexpensive | Against transfer |
| Administrative difficulties flowing from court congestion | Neutral |
| Local interest | Favors transfer |
| Familiarity of the forum with law that will govern case | Neutral |
| Problems associated with conflict of law | Neutral |

**IT IS THEREFORE ORDERED** that Adobe's Motion to Transfer Venue to the Northern District of California is **GRANTED** (ECF No. 14).

**SIGNED** this 26th day of May, 2023.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE